# LEAVITT & KERSON
ATTORNEYS AT LAW

| | | |
|---|---|---|
| PAUL E. KERSON<br>MARC CRAWFORD LEAVITT<br><br>_____<br><br>BENJAMIN M. SHAW (1912-2002) | 118-35 Queens Boulevard<br>12th Floor<br>Forest Hills, NY 11375<br>(718) 793 – 8822<br>Fax (718) 520 – 8544 | JOSEPH N. YAMANER<br>IRA R. GREENBERG<br>JOHN F. DUANE<br>TALI B. SEHATI<br><u>COUNSEL</u><br><br>1700 Broadway 41st Fl.<br>New York, NY 10019<br>(212) 973 – 9339<br>(212) 973 – 9494 Fax<br><br>45-29 47th Street<br>Woodside, NY 11377<br>(718) 729 – 0986 |

Via ECF & U.S. Mail

January 7, 2016

Hon. Robert M. Levy
U.S. Magistrate Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Delgado v. Scaldafiore Realty Corp., DiFiore, Mazzola and Modica*
    United States District Court
    Eastern District of New York
    Civil Action No.: 15-cv-5058 (MKB-RML)

Dear Magistrate Judge Levy:

  Please be advised that we represent the Defendants in connection with the above named case.

  We have received the January 5th, 2016 letter from counsel for the Plaintiff.

  In his Complaint the Plaintiff takes the position that he was an employee of the Defendant.

  Defendant Scaldafiore Realty Corp. owns a multi-family house located at 20-34 31st Street, Astoria, Queens County, New York 11105. It is traditional in New York City apartment houses for the "super" and his family to act as independent contractors. The "super" is given a reduced-rent apartment and a stipend in connection with certain part-time work in maintaining the building.

  This is the traditional way moderately sized New York City apartment houses have operated for generations upon generations. There is no question but that the "super" and his family under these circumstances are not "employees" within in the meaning of the State and Federal Labor Laws.

  If this were to be the case, the entire financial structure of the New York City small apartment house industry would be in substantial jeopardy.

Under these circumstances, Plaintiff's improper attempt to add his sons as Plaintiffs should be rejected in its entirety.

Defendant should certainly be permitted to make a Motion for Summary Judgment under these circumstances.

For traditional Discovery to be conducted, the Plaintiff as the independent contractor "super" of premises 20-34 31st Street, Astoria, Queens County, New York 11105 would be entitled to a fishing expedition into the Defendant's books and records. Further, the Plaintiff, as independent contractor "super" would be entitled to waste the Defendant's valuable time in Deposition testimony when it is perfectly clear to all parties that Defendant is following the standard industry practice in the New York City small apartment house business.

This case is a substantial waste of this Court's time and resources.

However, we are very conscious of the Federal Rules of Civil Procedure <u>Rule Number One</u>. The Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

Thus, in keeping with the dictates of Federal Rules of Civil Procedure <u>Rule Number One</u>, Defendant would be willing to engage in Settlement discussions supervised by Your Honor at the upcoming Initial Conference scheduled before Your Honor for January 14th, 2016 at 3:30 PM.

We are hopeful that Your Honor can meet with the parties at that time in an effort to promote a just Settlement in this matter.

Your Honor's attention to this case is greatly appreciated.

Sincerely,

Paul E. Kerson

PEK:mm

cc: Emiliano Perez, Esq., Attorney for Plaintiff
    Mr. Santino DiFiore, President, Scaldafiore Realty Corp.